R. C. MIDDLETON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10845.   Decided October 27, 1926.

*Held*, that the debt with respect to which the petitioner claimed a deduction in his return was not ascertained to be worthless in 1922.

*Basil A. Wood, Esq.*, for the petitioner.
*Henry Ravenel, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for 1922 in the amount of $329.07. The deficiency arises on account of the action of the Commissioner in disallowing as a deduction a portion of a bad debt charged off by the taxpayer during the year 1922.

### FINDINGS OF FACT.

The taxpayer, during 1908 and for several years subsequent thereto, was a stockholder and the president of the Cahaba Coal Co., a corporation engaged in the business of mining and selling coal in Alabama. The company was organized in 1908. It became indebted to the taxpayer on account of money paid out for the corporation and for money advanced to it, for all of which it gave the taxpayer its promissory notes aggregating $25,600. The taxpayer undertook to collect these notes from the corporation without success,

and on September 3, 1913, the corporation passed a resolution acknowledging the debts and, not being in a position to pay them at that time, authorized the secretary to enter appearance for the corporation in a suit which the taxpayer was then about to bring and to confess judgment for the amount of the notes together with costs. A judgment was entered on September 5, 1913.

From 1913 until the taxable year 1922 and subsequently, the taxpayer undertook without success to collect the judgment or some part of it.

The corporation on March 1, 1913, and until November 3, 1913, owned about 7,500 acres of mineral lands, together with mining equipment, certain accounts receivable, and one or more judgments against creditors, while at that time it was heavily indebted and without sufficient cash on hand to pay its debts.

On November 3, 1913, a mortgage, which the Cahaba Coal Co. had given to the Title Guarantee & Trust Co., as trustee, to secure a bond issue, was foreclosed and all the property and assets of the corporation, with the exception of its stock of merchandise in the commissary and its bills or accounts receivable which were not included in the trust deed, was conveyed to the taxpayer as trustee, with the right to sell the property for the purpose of paying the bonds and debts of the corporation, including the debt owing to the taxpayer. The taxpayer made many efforts to sell the property from the date of the execution of the deed in November, 1913, up until August 3, 1921, without success. He had hopes of realizing something from a judgment which the corporation had against one Francis.

Executions were issued prior to 1921 by the taxpayer on his judgment and they were returned unsatisfied because no goods, chattels or property of the corporation could be located.

For a portion of the money loaned by the taxpayer to the corporation, the corporation issued stock to the taxpayer to secure the indebtedness which the taxpayer held for that purpose. In 1921 the taxpayer deeded all of the property which had been conveyed to him in trust back to the bondholders, which terminated the trust agreement which had existed up to that time.

Up to and during 1922, the taxable year involved, and subsequent thereto, the taxpayer has made efforts to collect the indebtedness.

In his income-tax return for 1921 the taxpayer claimed a deduction of $3,000 on account of the Cahaba judgment, and in his return for 1922 he originally claimed as a deduction $6,500. In his amended return for 1922 he claimed a deduction of $8,600, and in his 1923 return he claimed a $4,500 deduction on account of the Cahaba debt,

but did not claim any deduction in respect to that debt in his returns for 1924 and 1925, although there still remained of the original sum $9,500.

### OPINION.

TRAMMELL: The question presented is whether the taxpayer is entitled to the deduction of $8,600 which he charged off in 1922 with respect to the $25,600 debt due by the Cahaba Co.

We are not convinced from the evidence that the taxpayer ascertained the debt to be worthless in whole or in part in 1922. The circumstances which were known by the taxpayer in 1922 were known by him in 1921 or in prior years. Practically the same situation had existed since 1913 that existed in 1922, the only change being that the taxpayer turned back to the bondholders certain property that he held in trust for them and himself. His claim was inferior to the claim of the bondholders, but, if the bondholders had been able to realize anything on the property in excess of the amount due them, the taxpayer would have been entitled to have the difference applied on his debt. In any event, this transaction occurred in 1921 and there appears to be nothing that occurred in 1922 to indicate the worthlessness of the debt in that year.

> *Judgment will be entered for the Commissioner.*